IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERTS,<br><br>  Plaintiff,<br><br>  v.<br><br>CSP – SACRAMENTO, et al.,<br><br>  Defendants. | No.  2:22-CV-1831-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) California State Prison – Sacramento; (2) Sgt. Caruso; and (3) Correctional Officer Acuna. See ECF No. 1, pg. 2. In his first claim for relief, Plaintiff alleges that Defendants Caruso used excessive force on September 13, 2022, while Defendant Acuna watched and did nothing. See id. at 3. In his second claim for relief, Plaintiff contends that unnamed staff denied him medical care. See id. at 4.

## II. DISCUSSION

The Court finds that Plaintiff has stated a cognizable excessive force claim under the Eighth Amendment against Defendants Caruso and Acuna. Plaintiff has not, as explained below, stated a claim against Defendant California State Prison – Sacramento, or a claim against any named defendant based on denial of medical care.

### A. **Eleventh Amendment Immunity**

Plaintiff cannot sustain any claims against Defendant California State Prison – Sacramento. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

Because California State Prison – Sacramento is an arm of the California Department of Corrections and Rehabilitation, it is immune under the Eleventh Amendment.

### B. Medical Care

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the

condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff's second claim for relief references unnamed prison officials. Because Plaintiff has not linked any individual defendant with the alleged denial of medical care, Plaintiff's second claim, as currently set forth, is deficient. Plaintiff will be provided an opportunity to amend.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  November 18, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE