1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DAVID ROBERTS,                          No.  2:22-CV-1831-DJC-DMC-P

12                     Plaintiff,

13          v.                               <u>FINDINGS AND RECOMMENDATIONS</u>

14   CARUSO, et al.,

15                     Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Defendants' unopposed motion to revoke

19   Plaintiff's in forma pauperis status, ECF No. 22.

20          The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as

21   follows:

22          In no event shall a prisoner bring a civil action . . . under this section if the
            prisoner has, on three or more prior occasions, while incarcerated or
23          detained . . ., brought an action . . . in a court of the United States that was
            dismissed on the ground that it is frivolous, malicious, or fails to state a
24          claim upon which relief may be granted, unless the prisoner is under
            imminent danger of serious physical injury.
25
            <u>Id.</u>
26

27   Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the

28   reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma

                                               1

1    pauperis unless the imminent danger exception applies.  The alleged imminent danger must exist

2    at the time the complaint is filed.  See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir.

3    2007).  A prisoner may meet the imminent danger requirement by alleging that prison officials

4    continue with a practice that has injured him or others similarly situated in the past, or that there

5    is a continuing effect resulting from such a practice.  See Williams v. Paramo, 775 F.3d 1182,

6    1190 (9th Cir. 2014).

7         Dismissals for failure to exhaust available administrative remedies generally do

8    not count as "strikes" unless the failure to exhaust is clear on the face of the complaint.  See

9    Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015).  Dismissed habeas petitions do not count

10   as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).  Where,

11   however, a dismissed habeas action was merely a disguised civil rights action, the district court

12   may conclude that it counts as a "strike."  See id. at n.12.

13        When in forma pauperis status is denied, revoked, or otherwise unavailable under

14   § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the

15   action upon pre-payment of fees at the time the action is re-filed.  In Tierney v. Kupers, the Ninth

16   Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after

17   finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis.  See 128

18   F.3d 1310 (9th Cir. 1998).  Notably, the district court dismissed the entire action rather than

19   simply providing the plaintiff an opportunity to pay the filing fee.  The Ninth Circuit held that the

20   plaintiff's case was "properly dismissed."  Id. at 1311.  Similarly, in Rodriguez v. Cook, the

21   Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded

22   that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes"

23   provision.  See 169 F.3d 1176 (9th Cir. 1999).  Again, rather than providing the inmate appellant

24   an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated

25   that the appellant "may resume this appeal upon prepaying the filing fee."

26   / / /

27   / / /

28   / / /

2

1    This conclusion is consistent with the conclusions reached in at least three other

2    circuits.  In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status

3    under § 1915(g) mandated dismissal.  See 284 F.3d 1234 (11th Cir. 2002).  The court specifically

4    held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because

5    "[h]e must pay the filing fee at the time he initiates the suit."  Id. at 1236 (emphasis in original).

6    The Fifth and Sixth Circuits follow the same rule.  See Adepegba v. Hammons, 103 F.3d 383 (5th

7    Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

8    In their motion, Defendants identify two prior Eastern District of California cases

9    filed by Plaintiff in which the court revoked Plaintiff's in forma pauperis status because Plaintiff

10   had three or more prior "strikes."  See ECF No. 22-1, pgs. 3-4 (citing Roberts v. Richer, 2:21-cv-

11   0714-AWI-HBK-P, and Roberts v. California, 1:22-cv-0131-HBK-P).  The determinations in

12   these cases that Plaintiff has had three or more prior actions dismissed for reasons qualifying as a

13   "strike" apply in the current action.  The Court, therefore, finds that Plaintiff has had three or

14   more prior "strikes."

15   The only issue remaining is whether Plaintiff may escape the "three strikes"

16   provision of the PLRA because the current action alleges imminent danger of serious injury at the

17   time the action was filed.  The Court finds that Plaintiff does not qualify for the imminent danger

18   exception in this case.  In particular, Plaintiff alleges in this action that he was injured as the

19   result of improper conduct by Defendants on September 13, 2022.  There are no allegations of

20   ongoing, let alone, imminent danger resulting from this incident.  This situation is analogous to

21   the situation presented in Roberts v. California, where Plaintiff had alleged various correctional

22   officers used excessive force on a single date.  In Roberts v. California, cited above as a case in

23   which it was determined that Plaintiff has had three or more prior "strikes," the court also

24   determined that the imminent danger exception did not apply.  The Court so finds in this case on

25   similar facts.

26   / / /

27   / / /

28   / / /

1          Based on the foregoing, the undersigned recommends that Defendants' unopposed

2  motion to revoke Plaintiff's in forma pauperis status, ECF No. 22, be GRANTED and that this

3  action be DISMISSED without prejudice to refiling upon prepayment of fees therefor.

4          These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6  after being served with these findings and recommendations, any party may file written objections

7  with the Court.  Responses to objections shall be filed within 14 days after service of objections.

8  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

9  Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11  Dated:  November 6, 2023

12                          DENNIS M. COTA

13                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28